Dear Representative Johnson,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Do the constitutional rulemaking powers conferred upon theOklahoma Ethics Commission by Article XXIX, Section 3 of theOklahoma Constitution include the power to promulgate rulesregulating lobbyists?
¶ 1 In pertinent parts, Article XXIX, Section 3 which empowers the Ethics Commission to promulgate rules dealing with ethical conduct, provides:
Ethics Rules.
 A. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for campaigns for elective state office and for campaigns for initiatives and referenda, including civil penalties for violation of these rules.
 B. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for state officers and employees, including civil penalties for violation of these rules.
(Emphasis added.)
¶ 2 The provisions of 3, at subsections C and D, prescribe the rulemaking process to be followed by the Commission:
 C. Newly promulgated rules shall be presented to each House of the Legislature and to the Governor on the second day of each session of the Legislature. If these rules are not disapproved by joint resolution, subject to veto by the Governor, during the same legislative session, they shall be effective. In the event the Governor vetoes a joint resolution disapproving any Ethics Commission's rules, the procedure shall be the same as for the veto of any other bill or joint resolution. Effective Ethics Commission rules shall be published in the official statutes of the State.
 D. Effective Ethics Commission rules may be repealed or modified by the Commission, and the repeal or modification shall be submitted to the Legislature and the Governor in the same manner as newly promulgated rules. Effective Ethics Commission rules may also be repealed or modified by law passed by a majority vote of each House of the Legislature. If the Governor vetoes such a law, the procedure shall be the same as for the veto of any other bill or joint resolution.
(Emphasis added.)
¶ 3 As can be seen from the above quoted constitutional provision from Article XXIX, the Ethics Commission has rulemaking authority in three areas:
 1. Rules of ethical conduct for campaigns for elective state office;
 2. Rules for the ethical conduct of campaigns for initiative and referenda; and
 3. Rules of ethical conduct for state officers and employees, including civil penalties for rule violations.
¶ 4 Rules in these areas, as the procedures in Section 3, C and D, of Article XXIX require, are presented to each House of the Legislature and the Governor. If the rules are not disapproved by joint resolution — subject to the Governor's veto — during the Legislative session in which they are presented, they become effective. Effective rules may be appealed or modified by the Commission, and may also be repealed or modified by laws passed by a majority vote of each house of the Legislature, subject to the Governor's veto. Id. Thus, we see, that in the three areas in which the Ethics Commission is authorized to promulgate rules, the Legislature plays a role in the rulemaking process as well.
¶ 5 In Ethics Com'n v. Cullison, 850 P.2d 1069 (Okla 1993), the extent of the Legislature's role in the Ethics Commission rulemaking process was called into question. The Ethics Commission commenced the action to challenge the Legislature's enactment of most of House Joint Resolution 1077,[1] which in addition to disapproving the Ethics Rules adopted by the Commission, also enacted various statutes providing for the ethical conduct of public officers, employees, candidates and lobbyists.
¶ 6 The Cullison Court noted that the Legislature's disapproval of the Ethics Rules was not challenged, and that accordingly, the rules never became effective. 850 P.2d at 1076. The Court, in response to the Commission's challenge, however, held that most of the laws passed by the Legislature regulating the ethical conduct of various officers and employees of the State and lobbyists, were outside of the Legislature's power.
¶ 7 The primary thrust of the Court's opinion was that the Legislature's power to alone enact civil statutes providing for the ethical conduct of State officers and employees, or for the ethical conduct of campaigns for elected State office and campaigns for initiative or referenda, has been limited by the adoption of Article XXIX of the Constitution, as the provisions of that Article ". . . clearly show that the power exercised in creating, modifying, and repealing Ethics Commission Rules is shared between the Ethics Commission and the Legislature."850 P.2d at 1075-1076.
¶ 8 In striking down the majority of the provisions enacted in House Joint Resolution 1077, the Supreme Court held that the Legislature had exceeded its authority, as it did not have the following powers under the Constitution:
 1. The Legislature is not empowered to either modify or repeal rules promulgated by the Commission and presented to the Legislature; rather, the Legislature only has the power to disapprove such rules. Only after Commission rules become effective is the Legislature empowered to modify or repeal them. 850 P.2d at 1076.
 2. The Legislature in disapproving Ethics Commission rules, is not empowered to replace the whole substance of the rules with a comprehensive civil
statutory plan seeking to regulate the ethical conduct of state officials; Id.
 3. The Legislature cannot control the ethical conduct of state officials by legislative enactments that completely bypass the Com mission's rule-making authority; Id.
 4. The Legislature may not enact laws contrary to the express provisions of Article XXIX of the Oklahoma Constitution; Id., and
 5. The Legislature can no longer initiate civil
legislation providing for
 (a) the ethical conduct of state officers and employees;
 (b) the ethical conduct of campaigns for elected state officers; and
 (c) the ethical conduct of campaigns for initiative or referenda.
850 P.2d at 1075-1076.
¶ 9 The Court did, however, find that the Legislature possessed the following legislative powers in the area of ethics legislation.
 1. The power to enact, modify or repeal ethical laws providing for criminal penalty; 850 P.2d at 1076
 2. The power to enact laws governing the ethical conduct of local political subdivision officers and employees; Id.
 3. The power to enact laws governing the conditions of state government employment; Id.
 4. The power to enact laws, under Article V, Section 21 of the Oklahoma Constitution, to prohibit members of the Legislature from engaging in activities or having interests which conflict with the proper discharge of their duties and responsibilities. Id., and
 5. The power to repeal or modify effective Ethics Commission rules. Id.
¶ 10 Three of the challenged sections in House Joint Resolution 1077, specifically regulated lobbyists. Section 36 prohibited lobbyists from entering into contingent fee arrangements, makingviolation of the prohibitions a felony:
 SECTION 36. AMENDATORY 74 O.S. 4236 (1991), is amended to read as follows:
 Section 4236. No person may retain or employ another person required to be registered as a lobbyist
under this act the Ethics Commission Act to lobby for compensation contingent in whole or in part on the passage or defeat of any official action or the approval or veto of any legislation, issuance of an executive order or approval or denial of a pardon or parole by the Governor. No person may accept any employment or render any service for compensation contingent on the passage or defeat of any legislation or the approval or veto of any legislation by the Govemor. Any person convicted of violating the provisions of this section shall be guilty of a felony punishable by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment in the state penitentiary not exceeding two (2) years or by both such fine and imprisonment.
1992 Okla. Sess. Laws, at 2265.
¶ 11 The Supreme Court found that the enactment of 36 by the Legislature was within the Legislature's authority — authority recognized by Article XXIX, Section 6 of the Oklahoma Constitution. 850 P.2d at 1077. The Oklahoma Constitution at 6 of Article XXIX specifically recognizes that the Article was not meant to prevent the Legislature from enacting ethics lawsproviding for criminal penalties. Section 6 of Article XXIX provides:
§ 6. Criminal Penalties
 Criminal Penalties. This Article shall not prevent enactment of laws prohibiting certain conduct by political candidates, government officers, government employees, or other persons and providing criminal penalties for such conduct. It also shall not prevent enactment of laws governing ethical conduct of local political subdivision officers and employees, nor shall it prevent enactment of law governing conditions of state government employment."
(Emphasis added.)
¶ 12 Two other sections of House Joint Resolution 1077 dealt with lobbyists, 34 and 35. Section 34, which dealt with lobbyists' reports, provided:
 SECTION 34. AMENDATORY 74 O.S. 4230 (1991), is amended to read as follows:
 Section 4230. A. Every person required to be registered pursuant to the provisions of Sections Section 4227 through 4230 of this title shall file reports required by this section with the Ethics Commission reports concerning the activities specified in this section. The reports shall be filed whether or not the person has made any expenditures taken any action which is required to be reported pursuant to the provisions of this section. The reports shall be filed between the first and twentieth day of January and the first and twentieth day of July of each calendar year which shall cover the activities during the period following the last report.
 B. The reports shall be signed and certified. The reports shall include the type of expenditure and the name of the member of the legislative branch, judicial branch, or executive branch on whose behalf the expenditure was made of any single expenditure on any one such member information specified in subsection C of this section for each gift given to a state officer or state employee by the registrant, the cost of which exceeds Thirty-seven Dollars and fifty cents ($37.50) Thirty-five Dollars ($35.00),
as that amount is annually adjusted commencing on January 1, 1993, to reflect changes in the United States Consumer Price Index for Urban Consumers as certified to the Commission by the Department of Commerce, during the period immediately preceding the first day of the reporting period for the activities during the period following the last report and any expenditure or the cost of which exceeds Three Hundred Dollars ($300.00), as that amount is annually adjusted to reflect changes in the United States Consumer Price Index for Urban Consumers as certified to the Commission by the Department of Commerce, on any one such member officer or employee in the aggregate during the twelve (12) months immediately preceding the first day of the reporting period, which have been made by the registrant for the purpose of lobbying. The annual adjustments adjustment of the reporting amounts amount
shall be posted in the office of the Commission by the Executive Director and shall be attached to any Registered Lobbyist Expenditure Gift Report form which is distributed.
 C. The information to be reported pursuant to the provision;, of subsection B of this section shall be as follows:
 1. The name and position of the state officer or state employee to whom the gift was given; provided, if a registrant makes a gift to more than one state officer or state employee on a single occasion and the information required by this paragraph cannot reasonably be ascertained, such information may be omitted:
 2. The date the gift was given;
3. The nature of the gift;
 4. The amount of the expenditure made by the registrant for the gift: and
 5. The name of the donor or donors on whose behalf the gift was given, if any.
 D. For purposes of reporting gifts as required by this section. a registrant making a gift on behalf of more than one donor shall not divide the cost of the gift by the number of participating donors. Nor may a registrant divide the cost of a gift with other registrants for any single expenditure.
 E. A registrant who gives a gift to a state officer or state employee must be present when the gift is accepted by the recipient.
 The F. A registrant shall also report any such expenditures gifts when made given by other persons on behalf of the registrant if they were made with the knowledge and consent of the registrant or the registrant's client. When other persons make expenditures give gifts that the registrant is required to report, the other persons shall provide a full, verified account of their expenditures such gifts to the registrant at least seven (7) days before the reports of the registrant are due to be filed.
 G. Any information required to be reported pursuant to the provisions of Sections 4211 through 4221 of this title is not required to be reported pursuant to the provisions of Sections 4227 through 4239 of this title.
 C. The form for reports of lobbyists shall be as follows:

 REGISTERED LOBBYIST EXPENDITURE REPORT
 Reports required to be filed with the Ethics Commission between
 January 1-20 are to cover the period of
 July 1 through December 31, and between
 July 1-20 are to cover the period of January
 1 through June 30.
 _________________________________________________
 Registrant's Full Name (type or print)
 Name and Position of Person on Branch of Type of Amount of
 Whom Expenditure was made Government Expenditure
 Expenditure
 _________________________________________________
 _________________________________________________
 _________________________________________________
 _________________________________________________
 _________________________________________________
 _________________________________________________
 (If additional lines are needed for the above information,
 list on a separate sheet and attach hereto.)
 To the best of my knowledge and belief, the above is a true
 and correct compilation.
 Submitted and signed on this ____ day of ___________, 19___
 _______________________________________
 Registrant
 A receipted copy of this report copy of this report will be
 returned to you if a self-addressed stamped
 envelope is provided.
 D. From and after the effective date of this act, each H. The form reports of lobbyists shall be promulgated by the Ethics Commission.
 1. Each registrant shall obtain and preserve all accounts, bills, receipts, books, papers, and documents necessary to substantiate the activity reports required to be made pursuant to this section for two (2) years from the date of filing of the reports containing the items.
¶ 13 Section 35 of House Joint Resolution 1077, which dealt with those who give gifts to state officers and employees, provided:
 SECTION 35. NEW LAW A new section of law to be codified in the Oklahoma Statutes as Section 74 O.S. 4230.1 of Title 74, unless there is created a duplication in numbering, reads as follows:
 Any person that gives a gift to a state officer or state employee of a regulatory governmental entity that regulates a business with which such person is associated, the cost of which exceeds Thirty-five Dollar ($35.00), as that amount is annually adjusted commencing on January 1, 1993, to reflect changes in the United States Consumer Price Index for Urban Consumers as certified to the Ethics Commission by the Department of Commerce, during a six-month period between January 1 and June 30 or July 1 and December 31, or the cost of which exceeds Three Hundred Dollars ($300.00) on any one such officer or employee in the aggregate during the twelve (12) months immediately preceding January 1 or July 1, shall register as a lobbyist pursuant to Section 4227 of Title 74 of the Oklahoma Statutes and report the gift or gifts to the Ethics Commission as provided in Section 4230 of Title 74 of the Oklahoma Statutes. For purposes of this section, "regulatory governmental entity" includes:
1. The Oklahoma State Board of Public Accountancy;
2. The State Accrediting Agency;
3. The Oklahoma Aeronautics Commission;
4. The State Board of Agriculture;
5. The State Department of Agriculture;
 6. The Alcoholic Beverage Laws Enforcement Commission;
 7. The Board of Governors of the Licensed Architects and Landscape Architects of Oklahoma;
8. The State Banking Board;
9. The State Banking Department;
10. The Board of Chiropractic Examiners;
11. The Commission on Consumer Credit;
12. The Department of Consumer Credit;
13. The Corporation Commission;
14. The State Board of Cosmetology;
15. The Oklahoma State Credit Union Board;
 16. The Board of Governors of the Registered Dentists of Oklahoma;
 17. The Oklahoma State Board of Embalmers and Funeral Directors;
 18. The State Board of Registration for Professional Engineers and Land Surveyors;
19. The State Fire Marshal Commission;
20. The State Board of Registration for Foresters;
21. The State Board of Health;
22. The State Department of Health;
23. The Oklahoma Basic Health Benefits Board;
24. The Oklahoma Horse Racing Commission;
25. The Commission for Human Services;
26. The Department of Human Services;
 27. The Oklahoma State and Education Employees Group Insurance Board;
28. The Insurance Department;
29. The Department of Labor;
30. The Commissioners of the Land Office;
 31. The Department of the Commissioners of the Land Office;
32. The Oklahoma Department of Libraries;
33. The Oklahoma Department of Libraries Board;
34. The Oklahoma Liquefied Petroleum Gas Board;
 35. The State Board of Medical Licensure and Supervision;
 36. The Department of Mental Health and Substance Abuse Services;
 37. The Board of Mental Health and Substance Abuse Services;
38. The Department of Mines;
39. The Oklahoma Mining Commission;
40. The Oklahoma Motor Vehicle Commission;
41. The Oklahoma Municipal Power Authority Board;
42. The Oklahoma Board of Nursing;
 43. The Oklahoma State Board of Examiners for Nursing Home Administrators;
44. The Board of Examiners in Optometry;
45. The State Board of Osteopathic Examiners;
46. The Board of Pharmacy;
47. The Oklahoma State Board of Podiatry;
48. The Polygraph Examiners Board;
49. The Oklahoma Board of Private Vocational Schools;
 50. The Oklahoma Property and Casualty Insurance Guaranty Association;
51. The State Board for Property and Casualty Rates;
52. The State Board of Examiners of Psychologists;
53. The Real Estate Appraiser Board;
54. The Oklahoma Real Estate Commission;
55. The Oklahoma Savings and Loan Board;
 56. The Oklahoma Commission on School and County Funds Management;
57. The Department of Securities;
58. The Oklahoma Securities Commission;
 59. The State Board of Examiners of Official Shorthand Reporters;
60. The State Board of Licensed Social Workers;
 61. The Board of Examiners for Speech Pathology and Audiology;
62. The Oklahoma Tax Commission;
63. The State Textbook Committee;
 64. The Oklahoma Used Motor Vehicle and Parts Commission; and
65. The Board of Veterinary Medical Examiners.
¶ 14 Unlike Section 36, neither Section 34 nor Section 35 provided for criminal penalties. The Court held both of these sections to be legislative attempts to regulate conduct that is to be regulated by the Commission:
 Sections 2-25 (inclusive), 27-32 (inclusive), 34, 35, 39, 41, 43 and 44 all contain either legislative statements of Ethics Commission policy, regulate ethical conduct of state officers and public employees, provide for procedures before the Commission, provide civil penalties for violation of the ethics statutes amended by the Resolution, regulate ethical conduct for ballot measures, or provide for financial disclosure statements of public officials. These sections attempt to regulate ethical conduct that is to be regulated by Commission rules under Article 29, and they would be constitutional as to the method of enactment if enacted in the form of Commission rules or as Legislature — modification of an effective Commission rule. But when the method of their enactment has the effect of replacing the constitutional power and role of the Ethics Commission as a constitutional rule-making authority for regulating the conduct of state officials then they must be found to be an unconstitutional infringement of the Commission's power.
(Emphasis added; last emphasis original) 850 P.2d at 1076-1077.
¶ 15 The Court's analysis makes it clear that to the extent Commission rules dealing with lobbyists and lobbying activities relate to the Commission's power to regulate the ethical conduct of state officers and public employees, or the ethical conduct of campaigns for elective state office, or the ethical conduct of campaigns for initiatives and referenda, and do not establish criminal penalties, such rules are within the Commission's rulemaking jurisdiction. When matters are within the Commission's rulemaking jurisdiction, the Legislature may not in the first instance enact legislation in the area, though of course, it may disapprove any rule proposed by the Commission. Additionally, once a Commission rule becomes effective, the Legislature may repeal or modify it. Conversely — separate and apart from its powers to approve or disapprove proposed Commission Rules, or modify or repeal effective Commission Rules — the Legislature is empowered to enact legislation dealing with lobbyists, if such legislation provides for criminal penalties for prohibited conduct or if enacted under its power to enact laws regulating Legislators' conduct, provided for at Okla. Const. Article V, Section 21, or its power to enact laws governing conditions of State employment or the ethical conduct of officers and employees of local political subdivisions.
¶ 16 It is, therefore, the official opinion of the AttorneyGeneral that the Oklahoma Ethics Commission, under the provisionsof Article XXIX, Section 3 of the Oklahoma Constitution, isempowered to propose ethics rules regulating lobbyists, only whensuch rules do not provide for criminal penalty, and when theyrelate to:
1. The ethical conduct of campaigns for elective state office,or
2. The ethical conduct of campaigns for initiative andreferenda, or
3. The ethical conduct of state officers and employees.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] 1992 Okla. Sess. Laws at 2207 et seq.